[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The trial of this matter took place in December 1997. The parties filed post-trial memoranda and the matter is ready for disposition. The court made preliminary findings at the conclusion of the evidentiary proceedings and this memorandum supplements those findings and issues final orders.
The parties have resided in the State of Connecticut for more than one year prior to the institution of the suit and the Court has jurisdiction over the marriage. The parties were married in September 1968. The husband is 52 years old and the wife is 49 years old. The parties had two children of the marriage who are both more than 19 years old. Neither party has received state assistance. The parties' marriage has broken down irretrievably without the likelihood of reconciliation and the court issues an order of dissolution on this basis.
As stated in the court's preliminary findings, both parties contributed to the breakdown of the marriage, but the court finds that the most significant contributing cause to the irretrievable breakdown of the marriage was the husband's extramarital relationship with another woman. According to the husband's financial statement he has a gross weekly income of $1,032.40 and a net weekly income of $674.42. The evidence indicates that his work fluctuates based on work availability through his employment and he is subject to short periods of unemployment. According to the wife's financial statement, she has a gross weekly income of $606 and a net weekly income of $409. She has CT Page 5485 recently received yearly raises averaging $1000 and such raises may continue in the future. The parties have assets and liabilities having the values and in the amounts as listed on their respective financial affidavits. Regarding their property, the only significant dispute is about the value of the parties' marital residence, located at 94 Doolittle Drive, Bethany, Connecticut. The husband values this property at $180,000 and the wife values this property at $155,000. Neither party offered any expert testimony on the value of this real estate and the evidence they did offer provides the court with only limited information on which to resolve this dispute. Because the court is ordering the sale of the property, the need for a precise finding of value is lessened. The court finds that a fair estimate of the property's value is between $165,000 and $175,000.
The court has carefully considered its factual findings, the parties' submissions, and the statutory criteria regarding the granting of a dissolution, the awarding of alimony and the dividing of assets and liabilities. The court issues the following orders:
Dissolution
The court orders dissolution of the parties' marriage on the grounds of irretrievable breakdown.
Alimony
The husband shall pay to the wife periodic alimony in the amount of $125 a week for three years, and thereafter, $75 a week for three years. This alimony shall terminate upon the death of either party, the wife's remarriage, or the wife's cohabitation as defined by statute.
Property Distribution
1. Real Property
The property at 97 Doolittle Drive shall be sold with the proceeds used to pay the mortgages, closing costs, fees and adjustments. The net proceeds will be divided between the parties with the wife receiving 65% of the net proceeds and the husband receiving 35% of the net proceeds. The court makes particular note of the following factors relevant to this award: the term and amount of the alimony award; the other property distributions CT Page 5486 awarded herein, especially the view of both parties that the wife's primary vehicle awarded to her, a 1990 Mercury, needs to be replaced; and the cause of the irretrievable breakdown of the parties' marriage. The wife shall have sole and exclusive use of the premises until the sale of the property and she shall be solely responsible for the mortgage, maintenance costs, taxes and utilities incurred during the period of exclusive use. In her proposed orders, the wife opposed the sale of the marital home, and as an alternative, sought an order awarding full ownership of this property to her and an order awarding her alimony sufficient to assist her meeting of the expenses and liabilities relating to the property. These liabilities would include an increase of the equity line on the property to assist in the college expenses of their son Timothy. The court has rejected the wife's requested relief for the following reasons: 1) the wife cannot maintain the property's expenses and debt obligations without substantial support from the husband which is not reasonable or warranted on the basis of his income or on the overall circumstances of this case; the sale of the house will allow satisfaction of the existing mortgages on the property for which the husband is jointly liable; and the primary motivating factor for the wife seeking to retain the house and acquire the additional alimony is to provide a means for supporting the post-majority college expenses of the parties' adult son. The court is precluded from issuing an order requiring a party to pay post-majority child support and the court declines to order a property settlement so that such a payment may be indirectly acquired.
2. Personal Property and Liabilities
1. The wife shall retain as her sole property her 401(k) plan. The husband shall retain as his sole property his Sheet Metal Works #40 annuity. The other pension or retirement plans listed as deferred compensation plans on the parties' financial statements shall each be divided equally between the parties through Qualified Domestic Relations Orders or such other documents consistent with the terms of the plans.
2. The wife shall retain as her sole property the 1990 Mercury Cougar and the husband shall transfer his interest in this vehicle to her. The wife shall also retain as her sole property the 1994 Ford Escort which is solely in her name. The husband shall retain as his sole property the 1995 F-150 truck which is in his sole name and he shall assume responsibility for the outstanding loan on this vehicle and shall indemnify and hold CT Page 5487 the wife harmless therefrom.
3. All furniture and furnishings in the family home are awarded to the wife, except for the husband's personal items, which include family heirlooms and tools, both mechanical and power.
4. The parties shall retain all other personal property, insurance policies and accounts listed on their respective financial statements as their sole property to the exclusion of the other.
5. The parties shall assume the liabilities listed on their respective financial statements and each shall hold the other harmless and indemnify the other for these liabilities that they have respectively assumed.
Remaining Claims and Issues
1. The parties shall divide any joint income tax refunds equally and shall hold each other harmless for any of their respective errors or omissions on any past joint returns. If errors or omissions were made by one party, then that party shall pay for any principal, taxes, interest and penalties as a result of that error or omission.
2. The court does not issue any orders regarding the husband's maintenance of life or disability insurance for the wife's benefit as requested by the wife.
3. The parties shall assume the payment of their own attorney fees.
4. The parties shall cooperate and act in good faith to complete all documents and transactions necessary to effectuate these orders and the court shall retain jurisdiction for this purpose.
Dated this 14th day of May 1998
Barry K. Stevens Judge of the Superior Court